IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ALLSTATE INSURANCE CO.
JAMES F. LUCE, JR. AND
SIGURLIM LUCE,

        Plaintiffs              :      Case No.  303 CV 00604 JBA

v.                       :

TOASTMASTER INC.,        :

        Defendant.            :

## STIPULATED PROTECTIVE ORDER

**WHEREAS,** discovery (including initial disclosures, interrogatories, document requests and depositions) in the above-entitled action may involve the production or disclosure of trade secrets or sensitive commercial, financial or proprietary business information,

**IT IS HEREBY STIPULATED,** by and between the parties hereto and by their respective counsel that pursuant to Fed. R. Civ. P. 26(c), and subject to the approval of the Court, the following Stipulated Protective Order (the "Order") be entered:

**IT IS HEREBY ORDERED THAT:**

1.     In the event that any documents, materials, testimony or other matters produced during the course of discovery or trial are designated as "Confidential" in accordance with this Order, such documents, materials, testimony or other matters, and the information therein, shall be maintained in confidence and shall be subject to the remaining provisions of this Order.

2.     Subject to paragraph 6 below, any and all documents, materials, testimony or other matters developed during the course of discovery and designated as "Confidential" shall be used solely for the purpose of this lawsuit and for no other purpose, including without limitation

21167543

any business or competitive purpose or any voluntary submission to any governmental or administrative agency.

3.    When any Confidential information is embodied in any document which is ultimately filed with this Court, it shall be designated as Confidential and shall be maintained under seal of the Clerk of the District Court, District of Connecticut. Such documents shall be filed in the Clerk's office in sealed envelopes on which will be endorsed the title and docket number of this action, an indication of the nature of the contents of such sealed envelope, and a statement substantially in the following form:

> This envelope containing documents which were filed in this cause by [name of party] and designated by counsel as confidential is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court.

4.    Any document designated by counsel for either party as confidential shall be marked "Confidential." If the confidentiality label is inadvertently omitted, the producing person may subsequently request that the receiving party treat previously produced documents as "Confidential" by sending copies appropriately marked. The receiving party will comply with the request to the extent that the documents or contents thereof have not already been disclosed beyond those permitted access in paragraphs 6 *infra*.

5.    Any deposition transcript, or portions thereof, containing "Confidential" information shall be so designated and if filed with the Clerk of this Court shall be held under seal of the Clerk and shall be so maintained until further order of this Court. Each party to this cause shall endeavor to designate those portions of deposition testimony which it deems confidential at the time of the deposition, but in no event later than thirty (30) days following receipt of the transcript from the reporter. Each court reporter shall designate those portions of such deposition transcript(s) with the legend "Confidential" and shall place on the cover of any such transcript of confidential information the following legend:

21167543

This transcript contains information designated confidential by counsel -- to be filed in the Court under seal.

6.     Information that is designated "Confidential" may be shared with the receiving parties' outside counsel, and the receiving parties' expert witnesses or consultants solely for purposes of this litigation; provided, however,-that each person to whom disclosure is to be made (other than the parties' outside counsel) shall execute the undertaking attached as Exhibit "A" and expressly agree to be bound by the provisions of this Order prior to such proposed disclosure.  Prior to any disclosure to the representations of the party, that party's counsel shall advise opposing counsel of the identity of the intended recipient.

7.     The restrictions embodied in the present Order shall be binding on the party to whom such Confidential information is disclosed unless and until there is a showing that:  (i) information which is so designated as "Confidential" was or has become public knowledge absent a breach of the restrictions embodied herein, or (ii) such information was already known to the party to whom such disclosure was made by a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.

8.     The agreement of the parties to this Order shall not be construed as an agreement or admission:   (i) that any material or document designated as "Confidential" is, in fact, confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential"; or (iii) with respect to the authenticity, competency, relevance or materiality of any document or thing designated as "Confidential".

9.     Execution and entry of this Order does not preclude a party to the litigation from seeking relief from this Order or from seeking other relief or Protective Orders as may become appropriate or necessary.

21167543

10.    All Confidential information supplied to receiving counsel, and copies thereof, shall be returned to producing counsel within thirty (30) days of the termination of this action, or shall be otherwise disposed of in a manner agreeable to both parties.  Except for one archival copy, all summaries and condensations shall be destroyed at such time, with confirmation sent to opposing counsel within thirty (30) days of the termination of this action. A copy of each executed Exhibit A undertaking shall be provided to producing counsel.

11.    This Order shall be without prejudice to the right of either party to bring before the Court at any time questions of whether any particular information is or is not "Confidential" at which time the producing party bears the burden of proving that the information shall be "Confidential".

12.    The parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege or any other relevant privilege shall not constitute waiver of the applicable privilege.  If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the documents in its possession, delete any versions of the documents on any database it maintains and make no use of the information contained in the document, provided, however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege.

Dated 27 February 2004

Judge, United States District Court
District of Connecticut

COZEN O'CONNOR

By: _____

David W. Smith
1900 Market Street
Philadelphia, PA 19103
(215) 665-4101
Attorneys for Plaintiff


CARMODY & TORRANCE, LLP
Attorneys for Defendant Toastmaster Inc.


By: _____

Maureen Danehy Cox
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Telephone: (203) 573-1200
Facsimile: (203) 575-2600

*Of Counsel*
SONNENSCHEIN NATH & ROSENTHAL LLP
Robert O. Lesley
Brian W. Fields
Lynnette L. Siegel
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
Telephone: (816) 460-2400
Facsimile: (816) 531-7545

21167543