IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ALLSTATE INSURANCE COMPANY  :
a/s/o JAMES F. LUCE, JR., and :
SIGURLIM LUCE :
           Plaintiff, :
            :
    v. :    CIVIL ACTION NO.
            :    303 CV 00604 (JBA)
TOASTMASTER, INC., :
           Defendant. :

**PLAINTIFF'S LOCAL RULE 56(a)1**
**STATEMENT IN OPPOSITION TO DEFENDANT'S MOTIONS**

Plaintiff, hereby responds to the Local Rule 56(a)1 Statement of Defendant as follows:

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Denied as stated. It is admitted that Mr. Paul will base his opinion on his inspection of those items identified in Paragraph 4 of defendant's statement. However, the complete basis for Mr. Paul's opinions are set forth in detail in his report which is attached to plaintiff's opposition as Exhibit "C," and which is incorporated herein by reference.

5.    Admitted.

6.    Admitted.

7.    Denied. It is specifically denied that Mr. Paul changed his opinion at his deposition. See deposition of Mr. Paul at page 63, which is attached to Defendant's moving

papers as Exhibit "2". That the defendant misinterpreted Mr. Paul's opinions is not sufficient to establish that Mr. Paul changed his opinions in this case.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted. It is further admitted that Mr. Paul took an electricity course and electronics course as well as other engineering courses while at Wentworth Institute.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied as stated. Mr. Paul did testify that he did complete an electronic course. See Paul deposition at p. 51 line 9.

23. Admitted.

24. Admitted. However, it is specifically denied that this is a <u>material</u> fact relevant to the disposition of the defendant's motions.

25. Admitted. However, it is specifically denied that this is a <u>material</u> fact relevant to the disposition of the defendant's motions.

26. Admitted. However, it is specifically denied that this is a <u>material</u> fact relevant to the disposition of the defendant's motions.

27. Admitted. However, it is specifically denied that this is a <u>material</u> fact relevant to the disposition of the defendant's motions.

28. Admitted. However, it is specifically denied that this is a <u>material</u> fact relevant to the disposition of the defendant's motions.

29. Admitted. However, it is specifically denied that this is a <u>material</u> fact relevant to the disposition of the defendant's motions.

30. Admitted. However, it is specifically denied that this is a <u>material</u> fact relevant to the disposition of the defendant's motions.

31. Admitted.

32. Admitted.

33.  Admitted.

34.  Admitted.

35.  Admitted.

36.  Admitted.

37.  Admitted.

38.  Admitted.

39.  Admitted.

40.  Admitted.

41.  Admitted.

42.  Admitted.

43.  Admitted.

44.  Admitted.

45.  Admitted.

46.  Denied. Mr. Paul sets forth the basis for his opinions in his expert report which is attached to this Motion and which is incorporated herein by reference. It is specifically denied that the sole basis for his opinion are his reading of burn patterns.

47.   Admitted. However, it is specifically denied that whether Mr. Paul conducted any testing in this matter is a <u>material</u> fact relevant to the resolution of defendant's motions.

48.   Admitted.

49.   Admitted.

50.   Admitted.

51.   Admitted. However, it is specifically denied that a specific defect needs to be identified in order for a plaintiff to prove a product defect in Connecticut.

52.   Admitted.

53.   Admitted.

54.   Admitted. However, it is specifically denied that Mr. Paul needs to identify a specific defect in the subject toaster oven in order for the plaintiff to succeed under Connecticut product liability law.

55.   Admitted.

56.   Admitted. However, it is specifically denied that Mr. Paul needed to do any testing in order for his opinions to be admissible at trial.

57.   Admitted.

58.   Admitted.

59.   Admitted.

60. Admitted.

61. Admitted.

62. Admitted. However, it is specifically denied that this information is a <u>material</u> fact relevant to the disposition of defendant's motions.

63. Admitted. However, it is specifically denied that this information is a <u>material</u> fact relevant to the disposition of defendant's motions.

64. Admitted. However, it is specifically denied that this information is a <u>material</u> fact relevant to the disposition of defendant's motions.

65. Admitted.

66. Denied as stated. Mr. Paul was able to interview Allstate's insureds concerning the condition of the toaster oven. <u>See</u> expert report at pg. 6.

67. Admitted.

68. Admitted.

69. Admitted.

70. Denied as stated. Mr. Paul also spoke with Dan Cronin and Richard Fane concerning this matter which provides additional support for Mr. Paul's opinions.

71. Admitted.

72. Admitted.

73. Admitted.

74. Admitted.

75. Admitted.

76. Admitted.

77. Admitted.

78. Denied. Mr. Paul testified at his deposition that there were not any indications that this fire was incendiary, which by implication means that such a notion was considered and ruled out. See Paul deposition at pg. 130.

79. Admitted.

80. Admitted.

81. Admitted.

82. Admitted.

83. Admitted.

84. Admitted.

85. Admitted.

86. Admitted.

87. Admitted.

88. Admitted.

89. Admitted.

90. Admitted.

91. Admitted.

92. Admitted.

93. Denied as stated. Mr. Paul admitted at this deposition that he considers NFPA 921 to be a good guide which he utilizes in his fire investigations, including this loss.

94. Admitted.

95. Denied. It is specifically denied that any testing conducted by Bruce Ettling is a material fact relevant to the issues raised in defendant's motions.

96. Denied. It is specifically denied that any testing conducted by Bruce Ettling is a material fact relevant to the issues raised in defendant's motions.

Respectfully submitted,

COZEN O'CONNOR

By: _____
David W. Smith, Esquire
Federal ID No. ct24798
1900 Market Street
Philadelphia, PA 19103
Tele: (215) 665-2103
Attorneys for Plaintiff
Allstate Insurance Company

PHILA1\2078119\1 119627.000